UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JERCORE JONES,

    Plaintiff,

v.                                          Case No.  5:22-cv-234-TKW-MJF

OCTAVIA HINSON, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jercore Jones, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 13. Upon review of the complaint, the undersigned recommends that this case be dismissed as malicious, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Jones's abuse of the judicial process in failing to disclose his litigation history completely and honestly.

### I. BACKGROUND AND PROCEDURAL HISTORY

Jones is a Florida prisoner confined at the Liberty Correctional Institution in Bristol, Florida. Jones initiated this action on September 30, 2022, by filing a civil rights complaint under 42 U.S.C. § 1983. Doc. 1 at 1. Jones filed his amended complaint on March 1, 2023. Doc. 13 at 1.

Jones's amended complaint names as Defendants four prison officials at the Apalachee Correctional Institution: Sergeant Octavia Hinson, Officer I. Brown,

Captain S. Smith, and Warden D. Maddox. Jones's claims arise from a disciplinary conviction he received for Use of Unauthorized Drugs in August 2020. Jones maintains that he was not on drugs and that the physical symptoms and behavior the officers observed—Jones lying on the floor with dilated pupils and slurred speech—were caused by Hinson pushing Jones while handcuffed which, in turn, caused Jones to fall and hit his head on the concrete floor. Doc. 13 at 5-6B. Jones is suing Hinson under the Sixth and Eighth Amendments for excessive force and "unnecessary and wanton infliction of unlawful detention." *Id*. at 7. Jones is suing the remaining Defendants under the Sixth and Eighth Amendments for "unnecessary and wanton infliction of unlawful detention." *Id*. at 7A. As relief, Jones seeks $700,000.00 in damages. *Id*. at 7-7A.

## II. Discussion

**A.    Screening of Jones's Complaint**

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on

which relief may be granted. 28 U.S.C. § 1915A; *see also* 28 U.S.C. § 1915(e)(2)(B) (analogous screening provision of the *in forma pauperis* statute).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious." *See* 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (dismissing action without prejudice as sanction for *pro se* prisoner's lying under penalty of perjury about the existence of a prior lawsuit), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910 (2007); *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

B.  **Jones's Reponses to Questions on the Complaint Form**

In his amended complaint, Jones provided answers to Section VIII of the civil rights complaint form, which requires him to disclose his litigation history. Doc. 13. Question VIII(A) of the complaint form asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for

failure to state a claim, or prior to service?" Doc. 13 at 9. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (A), Jones marked "No" and disclosed no cases in the space for doing so. *Id*. at 9.

Question VIII(B) of the complaint form asks, "Have you filed other lawsuits or appeals in ***state or federal court*** dealing with the same facts or issue involved in this case?" Doc. 13 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (B), Jones marked "No" and disclosed no cases in the space for doing so. *Id*. at 10.

Question VIII(C) of the complaint form asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in ***state or federal court*** either challenging your conviction or relating to the conditions of your confinement?" Doc. 13 at 10. Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (C), Jones marked "Yes" and disclosed the following state-court habeas case: *Jones v. Dep't of Corr.*, Jackson County Circuit Court Case No. 2022-CA-188. Doc. 13 at 11. Jones disclosed no other cases. *Id*. at 11-12.

At the end of the civil rights complaint form, Jones signed his name after the following certification: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." Doc. 13 at 12. Thus, Jones has in effect stated that at the

time he filed his amended complaint, he had not filed any case in federal court that was dismissed prior to service.

C. **Jones's Omission**

Pursuant to Federal Rule of Evidence 201, the court takes judicial notice that Jones filed a prior civil rights case in federal court that was dismissed prior to service. Specifically, on June 15, 2015, Jones filed a complaint under 42 U.S.C. § 1983, in the United States District Court for the Middle District of Florida. *See Jones v. Arlington*, No. 8:15-cv-1398-VMC-AEP (copy at Attach. 1 (Compl.)). At the time Jones filed the complaint, he was a pre-trial detainee at the Pinellas County Jail awaiting trial on the charges for which he presently is incarcerated—Lewd or Lascivious Battery on a Minor, in Pinellas County Circuit Court Case No. 2014-CF-19025. *See* Attach. 1. Jones sought to have the charges "dropped" and to be compensated for each day he had been in custody. *Id*. The Middle District dismissed the case the following day, on June 16, 2015, under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971). *See* Attach. 2 (Order).

Jones did not disclose his prior federal civil rights case in the original complaint or in the amended complaint filed in the present case.[1] Jones's prior case falls squarely within the complaint form's disclosure requirements. The complaint

---

[1] Jones did not disclose any civil actions in his original complaint. *See* Doc. 1 at 9-11.

form required Jones to list all cases he filed in federal court that were dismissed prior to service. Jones's failure to disclose the prior federal case violates his duty of candor to this court.

### D.     The Materiality of Jones's Omission

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup*, 792 F.2d at 1072.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent

single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require *in forma pauperis* prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Jones falsely responded to a question on the complaint form as detailed above. Jones knew from reading the complaint form that disclosure of all prior cases was required. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Page 7 of 11

Doc. 13 at 8.[2] A penalty is warranted both to deter Jones from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to questions on the civil rights complaint form is conduct subject to sanctions by the court.").

E.  **The Appropriate Sanction is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Jones's false response to go unpunished. *See Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing"

---

[2] In addition, the undersigned's order requiring amendment, Doc. 12, explicitly warned Jones that he must verify and disclose fully his litigation history:

> Jones is responsible for maintaining a record of the cases he has filed and the results of that litigation. If Jones does not have sufficient records or cannot remember the cases he has filed, he must contact the relevant court(s) to determine those cases so that he can make a full, complete, and honest accounting of them, including whether any prior federal case was dismissed as frivolous, malicious, for failure to state a claim, or prior to service. Jones should retain a copy of the inquiry letter (and any response he receives) as evidence that he has made a reasonable, good-faith effort to accurately disclose his litigation history.

Doc. 12 at 8.

the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history").

If Jones suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. An appropriate sanction for Jones's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior federal case, where the case fell "squarely within the complaint form's disclosure requirements"); *Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) (same, where *pro se* prisoner-plaintiff failed to disclose a federal habeas petition); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same, where *pro se* prisoner-plaintiff failed to disclose two federal civil rights actions—one dismissed prior to service and one dismissed for abuse of judicial process); *LeBarr v. Fla. Dep't of Corr.*, 2022 WL 2438357 (N.D. Fla. July 5, 2022) (same, where *pro se* prisoner-plaintiff failed to disclose one federal civil rights case).

No lesser sanction would suffice to deter this type of conduct. For example, providing Jones an opportunity to amend his complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process,

because that course of action would entail no penalty. *See Strickland*, 739 F. App'x at 588 ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources."); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *LeBarr*, 2022 WL 2438357, at *1 (citing multiple cases supporting this proposition).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **DISMISSED** without prejudice, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), for maliciousness and abuse of the judicial process.

2. The clerk of the court be directed to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 13th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the**

**electronic docket is for the court's internal use only and does not control.** **An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**